IN THE MATTER OF ROBERT L. WYTTENBACH.

[No. 1172S162. Filed March 26, 1975.]

*John B. Ramming,* Executive Secretary, Indiana Supreme Court Disciplinary Commission, of Indianapolis, *Donald L. Jackson,* of Indianapolis, for relator.

GIVAN, C.J—This proceeding was instituted on November 27, 1972, by the filing of a verified complaint for disciplinary action against Respondent, Wyttenbach, by the Executive Secretary of the Disciplinary Commission of the Indiana Supreme Court.

Respondent was charged with misconduct in three counts. Count (I) charged that Respondent accepted employment to file a damage suit for a client, that he failed to file such damage suit and thereafter to give notice of any withdrawal. Count (II) charged that Respondent accepted employment to file an adoption petition, took a fee from his client, and thereafter failed to file any adoption petition; that he failed the lawful objectives of his client, neglected a matter entrusted to him and failed to give any notice of withdrawal to his client. It was further charged the Respondent tried to coerce payment for unperformed employment in said matter. Count (III) charged that Respondent was found guilty of "theft of property from a person of not less than One hundred dollars ($100.00)" in Marion Criminal Court.

On May 22, 1973, the Honorable Sidney H. Showalter, Judge of the Bartholomew Superior Court, was appointed Hearing Officer in the above-captioned cause; and on June 7, 1973, he duly accepted the appointment. Inasmuch as the whereabouts of Respondent were unknown, notice of the filing of the proceedings was given the Respondent by publi-

cation on July 11, 18 and 25, 1973. A hearing was commenced on December 10, 1973, Respondent again being given notice by publication on September 24, October 1 and 8, 1973. Respondent did not enter an appearance either in person or by an attorney and did not file a responsive pleading.

The Hearing Officer found that there was insufficient evidence of misconduct as to Counts (I) and (II). The Hearing Officer did find Respondent guilty of misconduct under Count (III). Respondent's actions resulting in his conviction of "theft of property not from the person of less than One hundred dollars ($100.00)" in Marion County Criminal Court were in violation of Canon 32 of the *Canons of Professional Ethics* of the American Bar Association and Disciplinary Rule 1-102 (A) (3) of the *Code of Professional Responsibility for Attorneys at Law.*

IT IS NOW ORDERED, ADJUDGED AND DECREED that the name of ROBERT L. WYTTENBACH be stricken from the role of attorneys, and that the Respondent, ROBERT L. WYTTENBACH, is hereafter disbarred and prohibited from the practice of law in the State of Indiana.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 324 N.E.2d 481.